AIF.27921

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| **CHIEDOZIE FELIX** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 1:24-cv-00024** |
| | § | |
| **MOUNTAIN RIVER TRUCKING** | § | |
| **COMPANY, INC. AND TIMOTHY** | § | |
| **FRANKLIN STEPHENS** | § | |
| **Defendants.** | § | |

**<u>DEFENDANTS' INDEX OF DOCUMENTS</u>**

The following Exhibits are relied upon and incorporated by reference in Defendants'

**MOUNTAIN RIVER TRUCKING COMPANY, INC. and TIMOTHY FRANKLIN
STEPHENS** (collectively, "Defendants") Notice of Removal:

A.    Civil Cover Sheet;

B.    Supplemental Civil Cover Sheet;

C.    Defendants' Index of Documents:

    1.    State Court Docket Sheet;

    2.    Plaintiff's Original Petition filed December 4, 2023;

    3.    Return of Service filed January 9, 2024 for service on Mountain River Trucking Company, Inc.;

    4.    Defendants' Original Answer filed January 26, 2024; and

D.    Defendants' Certificate of Interested Parties.

Respectfully submitted,

**FLETCHER, FARLEY, SHIPMAN
& SALINAS, L.L.P.**

*/s/ Jeffrey D. Smith*
**JEFFREY D. SMITH**
State Bar No. 24063008
Email: jeffrey.smith@fletcherfarley.com
**ELIZA D. THOMAS**
State Bar No. 24137235
Email: eliza.thomas@fletcherfarley.com
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
(214) 987-9600 (office)
(214) 987-9866 (telecopier)

**ATTORNEYS FOR DEFENDANTS
MOUNTAIN RIVER TRUCKING COMPANY,
INC. AND TIMOTHY FRANKLIN STEPHENS**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied, electronically served or hand delivered to all attorneys of record, in compliance with Rule 5 of the Federal Rules of Civil Procedure, on this the 7th day of February, 2024.

*/s/ Jeffrey D. Smith*
**JEFFREY D. SMITH**

# EXHIBIT A

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back          Location : All Courts     Images Help

# REGISTER OF ACTIONS
## CASE NO. 51792-A

| | |
|---|---|
| **Chiedozie Felix vs. Mountain River Trucking Company, Inc. And Timothy Franklin Stephens** | § § § § § § |

| | |
|---|---|
| Case Type: | **Injury or Damage - Motor Vehicle** |
| Date Filed: | **12/04/2023** |
| Location: | **42nd District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **Mountain River Trucking Company, Inc.**<br>207 Direct Lane<br>Mount Airy , NC 27030 | **Jeffrey D. Smith**<br>*Retained*<br>214-987-9600(W) |
| **Defendant** | **Stephens, Timothy Franklin**<br>1391 Ridge Rd<br>Pilot Mountain, NC 27041 | **Jeffrey D. Smith**<br>*Retained*<br>214-987-9600(W) |
| **Plaintiff** | **Felix, Chiedozie** | **Cade Browning**<br>*Retained*<br>325-437-3737(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 12/04/2023 | **Original Petition**<br>*Plaintiff's Original Petition* | | |
| 12/04/2023 | **Application**<br>*Citation Request* | | |
| 12/05/2023 | **Citation**<br>*Mountain Turcking/Envelope # 82261215* | | |
| 12/05/2023 | **Citation** | | |
| | Stephens, Timothy Franklin | Served<br>Returned | 01/08/2024<br>01/09/2024 |
| 01/09/2024 | **Citation Returned Served**<br>*Citation re Mountain River-executed* | | |
| 01/11/2024 | **Request**<br>*for copies* | | |
| 01/11/2024 | **Citation**<br>*T Stephens/Envelope # 83329488* | | |
| 01/11/2024 | **Citation** | | |
| | Stephens, Timothy Franklin | Unserved | |
| 01/26/2024 | **Answer/Response**<br>*Defendants' Original Answer* | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Mountain River Trucking Company, Inc.<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 02/06/2024** | | | 1.00<br>1.00<br>**0.00** |
| 01/11/2024 | Transaction Assessment | | | 1.00 |
| 01/11/2024 | E-File Payment | Receipt # DC-353705 | Mountain River Trucking Company, Inc. | (1.00) |
| | **Plaintiff** Felix, Chiedozie<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 02/06/2024** | | | 366.00<br>366.00<br>**0.00** |
| 12/05/2023 | Transaction Assessment | | | 366.00 |
| 12/05/2023 | E-File Payment | Receipt # DC-352175 | Felix, Chiedozie | (229.00) |
| 12/05/2023 | State Credit | | | (137.00) |

# EXHIBIT B

Filed: 12/4/2023 12:11 PM
Accepted: 12/5/2023 8:33 AM
Tammy Robinson
District Clerk
Taylor County, Texas
Monica Mendoza

NO. _____ 51792-A

Taylor County - 42nd District Court

| | | |
|---|---|---|
| **CHIEDOZIE FELIX** | § | **IN THE _____ DISTRICT COURT** |
| | § | |
| **VS.** | § | **IN AND FOR** |
| | § | |
| **MOUNTAIN RIVER TRUCKING** | § | |
| **COMPANY, INC. AND TIMOTHY** | § | |
| **FRANKLIN STEPHENS** | § | **TAYLOR COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Chiedozie Felix ("Plaintiff") complaining of and about Mountain River Trucking Company, Inc. and Timothy Franklin Stephens (collectively "Defendants") and for cause of action shows unto the Court the following:

### I.
### PARTIES AND VENUE

1.       Plaintiff resides in Georgia.

2.       Defendant Mountain River Trucking Company, Inc. is a North Carolina Corporation doing business in Texas. Defendant Mountain River Trucking Company, Inc. may be served with process by serving its registered agent James Harden Smith, 207 Direct Lane, Mount Airy, NC 27030, or wherever service may be had.

3.       Defendant Timothy Franklin Stephens ("Defendant Stephens") is a resident of North Carolina who resides at 1391 Chestnut Ridge Rd., Pilot Mountain, North Carolina, was conducting business in Texas at time this suit arose, and he may be served with process at his residence at 1391 Chestnut Ridge Rd., Pilot Mountain, North Carolina, or wherever service may be had.

1

## II.
## DISCOVERY LEVEL 3

4.      Discovery is intended to be conducted under Level 3 of Rule 190.4 of the TEXAS RULES OF CIVIL PROCEDURE.

## III.
## JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      This Court has jurisdiction over Defendant, because Defendant Mountain River Trucking, Inc. ("Mountain River Trucking") is a North Carolina company and purposefully availed themselves of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendants to the State of Texas, thereby conferring specific jurisdiction with respect to Defendants. Furthermore, Plaintiff would show that Defendants engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, in that said Defendants contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas, and committed a tort in whole or in part in Texas.

7.      Jurisdiction and Venue are proper in Taylor County, Texas pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE Section 15.002 in that Taylor County is the county where the wreck occurred.

2

## IV.
### FACTS

8.       On the morning of January 24, 2022, Plaintiff was driving westbound on IH-20 in Taylor County, Texas when his vehicle he got a flat tire and became disabled. He pulled over to the shoulder as far as possible, placed his warning triangles, called AAA, and was waiting on assistance, when a westbound tractor-trailer owned by Defendant Mountain River Trucking and being driven by Defendant Stephens, failed to slow or change lanes and crossed the solid white shoulder line and collided with the back of Plaintiff's truck, seriously injuring Plaintiff, and proximately causing the damages complain of herein.

## V.
### NEGLIGENCE OF DEFENDANT STEPHENS

9.       Defendant Stephens had a duty to exercise the degree of care that a reasonably careful person would. The negligent, careless and reckless disregard of duty of Defendant Stephens consisted of, but is not limited to, the following acts and omissions:

a)       He failed to keep a proper lookout;

b)       He drove his vehicle in willful or wanton disregard for the safety of persons or property;

c)       He failed to take correct evasive actions;

d)       He failed to follow safe operating maneuvers;

e)       He failed to change lanes;

f)       He failed to drive as a reasonable and prudent driver would do under the same or similar environmental circumstances;

g)       He drove his vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing;

h)       He operated his vehicle on the shoulder;

i)       He failed to maintain a single lane;

3

j) He failed to move from the lane in a safe manner;

k) He failed to keep his vehicle in his own lane of traffic as a reasonable and prudent driver would do under the same or similar circumstances;

l) He drove while distracted;

m) He drove while asleep and/or fatigued;

n) He took faulty evasive action;

o) He drove with and failed to disclose a medical condition(s) which either affected his ability to drive or to be qualified to drive; and

p) He failed to maintain control of his tractor-trailer;

q) He failed to recognize the risks involved while driving a tractor-tailer, including having the knowledge and skill necessary to drive a commercial motor vehicle including knowledge of speed and traffic flow, space to the sides, space cushions, roadway factors, disabled vehicles, as set forth in the Federal Motor Carrier Safety Regulations;

r) He failed to recognize the risks involved while driving a tractor-tailer, including potential hazard of a disabled vehicle despite the requirements of the Texas Commercial Motor Vehicle Driver Handbook;

s) He failed to drive his vehicle at an appropriate reduced speed when a special hazard existed, as mandated by Texas Transportation Code Section 545.351(c)(5); and

t) He failed to apply the brakes to the motor vehicle in a timely and prudent manner and/or wholly failed to apply the brakes in order to avoid the collision in question.

10. Further, Defendant Stephens's failure to maintain his lane amounts to negligence per se. The law requires, pursuant to TEXAS TRANSPORTATION CODE Section 545.060 that:

(a) An operator on a roadway divided into two or more clearly marked lanes for traffic:

(1) shall drive as nearly as practical entirely within a single lane; and

(2) may not move from the lane unless that movement can be made safely.

4

11.     Further, Defendant Stephens's failure to maintain his lane amounts to negligence

per se. The law requires, pursuant to TEXAS TRANSPORTATION CODE Section 545.058 that:

    (a)     An operator may drive on an improved shoulder to the right of the main traveled portion of a roadway if that operation is necessary and may be done safely, but only:

        (1)     to stop, stand, or park;
        (2)     to accelerate before entering the main traveled lane of traffic;
        (3)     to decelerate before making a right turn;
        (4)     to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;
        (5)     to allow another vehicle traveling faster to pass;
        (6)     as permitted or required by an official traffic-control device;  or
        (7)     to avoid a collision.

12. The above referenced sections of the TEXAS TRANSPORTATION CODE were

enacted by the Texas Legislature to protect the safety, health, and welfare of the

public.  Plaintiff is a member of the public, and as a result, is to be protected by

said statute.

13.     Each of such acts and/or omissions, singularly or in combination with others,

constituted negligence and/or negligence as a matter of law which proximately caused the accident

and injuries and damages which Plaintiff suffered.

## VI.
## NEGLIGENCE OF DEFENDANT MOUNTAIN RIVER TRUCKING

14.     At all times mentioned herein, Defendant Stephens was the agent, servant and/or

employee of Defendant Mountain River Trucking and was acting within the course and scope of

his employment as agent, servant, statutory employee pursuant to 49 CFR §390.5T, and/or

employee of Defendant Mountain River Trucking.

15.     Defendant Mountain River Trucking is liable for damages suffered by Plaintiff

sunder the doctrine of Respondeat Superior, because the negligence of Defendant Mountain River

Trucking's employees, agents or representatives was a proximate cause of the incident and the resulting damages to Plaintiffs described herein.

16.     At the time of the collision in question, Defendant Mountain River Trucking was the owner and/or lessor of the vehicle involved in the collision. On or prior to said date, Defendant Mountain River Trucking lent to or allowed the use of said vehicle by Defendant Stephens for the purpose of operating it on the public streets and highways of Texas and, thereafter, Defendant Stephens operated said vehicle with the knowledge, consent, and permission of Defendant Mountain River Trucking.

17.     At such time, Defendant Stephens was incompetent and unfit to safely operate said motor vehicle on the public streets and highways in that he is reckless, irresponsible, inexperienced, and not properly trained to operate the motor vehicle he was operating at the time of the accident.

18.     Defendant Mountain River Trucking knew, or in the exercise of ordinary due care, should have known that Defendant Stephens was an incompetent and unfit driver and would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas.

19.     In addition to being vicariously responsible for the previously mentioned acts and omissions of Defendant Stephens, Defendant Mountain River Trucking is guilty of the following acts and/or omissions which constitute negligence and were a proximate cause of the Plaintiff's injuries and damages. Defendant Mountain River Trucking was negligent as that term is defined by law, and its conduct was, singularly and severally, a proximate cause of the incident in question and Plaintiff's injuries and damages. Among other acts and omissions, Defendant was negligent in the following respects:

a.     Negligent entrustment of the commercial vehicle to Defendant Stephens;

b.     Negligent training of Defendant Stephens;

6

c.    Negligent supervision and management of Defendant Stephens;

d.    Negligent hiring, retention and qualification of Defendant Stephens; and

e.    In failing to develop, institute and enforce reasonable policies, practices, procedures and guidelines for the implementation of safety measures while operating the tractor-trailer in question.

20.    Plaintiffs would show that each and every aforementioned act or omission, singularly and severally, constitutes negligence on the part of Defendant Mountain River Trucking, which was a direct and proximate cause of the injuries and damages of Plaintiffs.

## VII.
### DAMAGES

21.    As a direct and proximate result of the aforesaid negligence and/or negligence per se on the part of Defendants, Plaintiff sustained serious injuries. As required by Rule 47(b), TEXAS RULE OF CIVIL PROCEDURE, the amount of Plaintiff's damages are substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including pain, suffering and mental anguish in the past and future, past and future physical impairment, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damage is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate. However, considering the foregoing paragraphs, and in solely in response to Rule 47(c), TEXAS RULE OF CIVIL PROCEDURE, Plaintiff's counsel states that Plaintiff seeks monetary relief which is over $1.000,000.00. However, Plaintiff reserves the right to either file a trial amendment or an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

22.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer personal injuries and to incur the following damages:

A.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

B.     Physical pain and suffering in the past;

C.     Physical pain and suffering in the future;

D.     Mental Anguish in the past;

E.     Mental Anguish in the future;

F.     Physical impairment in the past;

G.     Physical impairment in the future.

H.     Disfigurement in the past; and

I.     Disfigurement in the future.

## VIII.
### EXEMPLARY DAMAGES

23.     Further, the choices, acts and omissions of Defendants amount to gross negligence. Their choices, acts and omissions, when viewed objectively from the standpoint of Defendants at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others.  Specifically, Defendants knew the requirements of the Texas Transportation Code, Texas Commercial Motor Vehicle Drivers Handbook and the requirements of the Federal Motor Safety Carrier Regulations.

24.     In this connection, Defendant Mountain River Trucking's choices, acts and omissions constituted gross negligence as to the training, retention, and management of its driver, and were undertaken by its principals and vice principals; it involved corporate decisions made at the highest levels of the company by supervisors and others who had managerial control over the corporation, were engaged in the performance of non-delegable duties and whose decisions

8

controlled the corporation; further, the choices, acts and omissions undertaken by Defendant Mountain River Trucking's employees in this regard were ratified by their supervisors and employers.

25.     When viewed objectively from the standpoint of Defendants at the time of the occurrence, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, Defendants were actually and subjectively aware of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes gross negligence as that term is defined pursuant to section 41.001(11) of the Texas Civil Practice and Remedies Code. Therefore, Plaintiff seeks exemplary damages from Defendants in an amount to be determined by the trier of fact.

26.     The acts and omissions on the part of Defendants taken singularly or in combination, constitute gross negligence and were a proximate cause of the damages and injuries of Plaintiffs. Defendants' acts were more than momentary thoughtlessness, inadvertence, or error of judgment. Defendants acted with such an entire want of care to establish that the acts and/or omissions were the result of actual conscious indifference to the rights, safety or welfare of Plaintiff and were a proximate cause of the crash in question.

<u>PRAYER</u>

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiff obtains judgment against Defendants for damages in an amount appropriate and consistent with his losses, and for pre-judgment and post-judgment interest against Defendants, Costs of Court, and for such other and further relief to which Plaintiff may show himself justly entitled, at law or in equity.

Respectfully submitted,

**BROWNING LAW FIRM, PLLC**
P. O. Box 1600
Abilene, TX 79604
(325) 437-3737
(325) 437-1799 (fax)

By: _____
      Cade W. Browning
      State Bar No. 24028748
      cade@browningfirm.com

**ATTORNEYS FOR PLAINTIFF**

10

# EXHIBIT C

Filed 1/9/2024 9:17 AM
Accepted: 1/9/2024 1:39 PM
Tammy Robinson
District Clerk
Taylor County, Texas
Ashlee Stewart

51792-A

## AFFIDAVIT OF SERVICE

| Case: No. 51792-A | Court: State of Texas Taylor County 42nd District Court | | County: Taylor | Job: 10077172 |
|---|---|---|---|---|
| **Plaintiff / Petitioner:** Chiedozie Felix | | **Defendant / Respondent:** Mountain River Trucking Company , Inc. and Timothy Franklin Stephens | | |
| **Received by:** Walton Investigations | | **For:** Browning Law Firm, PLLC | | |
| **To be served upon:** Mountain River Trucking Company , Inc. and James Harden Smith | | | | |

I, John Walton Callicutt, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**    Mountain River Trucking Company , Inc. and James Harden Smith, Mountain River Trucking Company, Inc.: 207 Direct Lane, Mount Airy, NC 27030

**Manner of Service:**    Personal/Individual, Jan 8, 2024, 1:50 pm EST

**Documents:**    Felix Petition.pdf (Received Dec 12, 2023 at 2:32pm EST), Citations.pdf (Received Dec 12, 2023 at 2:32pm EST), Crash Report.pdf (Received Dec 28, 2023 at 3:00pm EST)

**Additional Comments:**
1) Unsuccessful Attempt: Dec 21, 2023, 12:39 pm EST at Home: 676 Matthews Road, Pilot Mountain, NC 27030
Gated and cannot go in.

2) Successful Attempt: Jan 8, 2024, 1:50 pm EST at Mountain River Trucking Company, Inc.: 207 Direct Lane, Mount Airy, NC 27030 received by Mountain River Trucking Company , Inc. and James Harden Smith.
File successfully served

_____    1/8/24
John Walton Callicutt                   Date

Walton Investigations
P.O. Box 8246
Greensboro, NC 27419-8246
336-550-4446

**ACKNOWLEDGMENT**

North Carolina    Guilford    County

I, Junko Shiraishi , a Notary Public for said County and State, do hereby certify that

John Walton Callicutt personally appeared before me this day and acknowledged the due execution of the attached

Summons including all the reference documents as listed above Chiedozie Felix vs. Mountain River Trucking Company , Inc. and Timothy Franklin Stephens

Witness my hand and official seal, this the 8 day of January 20 24

(Official Seal)

_____
Notary Public

October 27, 2026
Date Commission Expires

JUNKO SHIRAISHI
My Commission Expires
NOTARY
PUBLIC
October 27, 2026
ALAMANCE COUNTY, NC

**Walton Investigations, Inc.**
P.O. Box 8246
Greensboro, NC  27419-8246
336-550-4440
john@waltonpi.com

# INVOICE

**BILL TO**
Brittany Kelly
Browning Law Firm, PLLC
P.O. Box 1600

**SHIP TO**
Brittany Kelly
Browning Law Firm, PLLC
P.O. Box 1600

**INVOICE #** 3365
**DATE** 01/08/2024
**DUE DATE** 01/08/2024
**TERMS** Due on receipt

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| **Process Svc**<br>1 Process of Service in the matter of<br>Mountain River Trucking Company, Inc. and James Harden<br>Smith | 1 | 225.00 | 225.00 |
| **Process Svc**<br>1 Process of Service in the matter of<br>Mountain River Trucking Company, Inc. and Timothy Franklin<br>Stephens | 1 | 225.00 | 225.00 |
| Original in mail<br>Thank You!!! | | | |

**BALANCE DUE**

**$450.00**

# EXHIBIT D

Filed 1/26/2024 10:05 AM
Accepted 1/26/2024 10:13 AM
Tammy Robinson
District Clerk
Taylor County, Texas
Monica Mendoza

AIF.27921

## CAUSE NO. 51792-A

| | | |
|---|---|---|
| **CHIEDOZIE FELIX** | § | **IN THE 42nd DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **IN AND FOR** |
| | § | |
| **MOUNTAIN RIVER TRUCKING** | § | |
| **COMPANY, INC. AND TIMOTHY** | § | |
| **FRANKLIN STEPHENS** | § | |
| **Defendants.** | § | **TAYLOR COUNTY, TEXAS** |

## DEFENDANTS' ORIGINAL ANSWER

**COME NOW MOUNTAIN RIVER TRUCKING COMPANY, INC. AND TIMOTHY FRANKLIN STEPHENS**, Defendants in the above entitled and numbered cause, and file this their Original Answer and for same respectfully shows unto the Court as follows:

### I.

### General Denial

Defendants deny each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demand strict proof thereof.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that Plaintiffs take nothing by this suit, that Defendants be awarded their costs, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves justly entitled.

**DEFENDANTS' ORIGINAL ANSWER**                                                                 **Page 1**

Respectfully submitted,

**FLETCHER, FARLEY, SHIPMAN
& SALINAS, L.L.P.**

*/s/ Jeffrey D. Smith*
**JEFFREY D. SMITH**
State Bar No. 24063008
Email: jeffrey.smith@fletcherfarley.com
**ELIZA D. THOMAS**
State Bar No. 24137235
Email: eliza.thomas@fletcherfarley.com
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
(214) 987-9600 (office)
(214) 987-9866 (telecopier)

**ATTORNEYS FOR DEFENDANTS
MOUNTAIN RIVER TRUCKING COMPANY,
INC. AND TIMOTHY FRANKLIN STEPHENS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied, electronically served or hand delivered to all attorneys of record, in compliance with Rule 21a. of the Texas Rules of Civil Procedure, on this the 26th day of January, 2024.

*/s/ Jeffrey D. Smith*
**JEFFREY D. SMITH**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexandra Griffiths on behalf of Jeffrey Smith
Bar No. 24063008
alexandra.griffiths@fletcherfarley.com
Envelope ID: 83827026
Filing Code Description: Answer/Response
Filing Description: Defendants' Original Answer
Status as of 1/26/2024 10:14 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Douglas DFletcher | | sheila.landua@fletcherfarley.com | 1/26/2024 10:05:24 AM | SENT |
| Rosa Lavin | | rosa.lavin@fletcherfarley.com | 1/26/2024 10:05:24 AM | SENT |
| Cade Browning | | cade@browningfirm.com | 1/26/2024 10:05:24 AM | SENT |
| Jeffrey Smith | | jeffrey.smith@fletcherfarley.com | 1/26/2024 10:05:24 AM | SENT |
| Alexandra Griffiths | | alexandra.griffiths@fletcherfarley.com | 1/26/2024 10:05:24 AM | SENT |
| Brittany Kelly | | brittany@browningfirm.com | 1/26/2024 10:05:24 AM | SENT |
| Bridget DMulloy | | bridget.mulloy@fletcherfarley.com | 1/26/2024 10:05:24 AM | SENT |